The opinion of the Court was delivered by
Duncan J.
Who were the persons intended by the testator, in the distribution of this residuary personal estate, which he directed to be divided between his own poor relations, and the poor relations of his wife equally, on his death ? This bequest is to be construed, as if the word poor were not in it. There is no distinguishing between the degrees of poverty ; for if degrees of poverty were to be taken into consideration, and govern the construction, it would ope.n a field of inquiry into the relative poverty of relations, rendering it very difficult and embarrassing, if not impracticable, ever to arrive at a just conclusion who were poor. The devise to relations is of itself not free from ambiguity, and Courts have been obliged to lay hold of the Statute of Distributions as the standard, to prevent an inquiry which would be infinite, and would extend to relations ad infinitum. It is therefore confined for convenience sake, and that Statute is the rule and measure of distribution. Widmore v. Woodroffe, Amb. 636. But though it be the rule by which relations are *46 to take under so general description, yet the wills under; whjch they claim will be the guides as to the proportions into which the fund is to be divided. That depends on the fair . , , 1 . ' construction of each will. Did the testator intend, that whoever should take, should take per stirpes, and not per capita; that this residue should be divided into two equal parts, one to go to his own, and the other to his wife’s relations ? I cannot think either was in the view of the testator. He did not intend to constitute two prcepositi, one to consist of his own, and the other of his wife’s family ; but that the relations of both were to come in equally ; one description ; one class ; persona designates; as much so, as if he had directed a division nominatim, between them equally. Strict representation was not in contemplation, but equality. Since the decision of Thomas v. Hale, Talbot's Cases, 251, the effect in a will, where the devise is to relations, is to cause a division per capita. Where the bequest is to relations generally, the expediency of the application of the rule of the Statute, is manifest; but when the testator explains himself, and says he does not intend that his relations should take unequal parts, hut take equally, as this is a lawful iatent, and clearly expressed, it is the duty of the Courts ’to effectuate it. Let us illustrate this by a few instances. A legacy to the relations of A. and B. equally; all take, children and grand-children per capita. So a bequest to a brother and the children of a deceased brother ; though under the Statute of Distributions they would take per stirpes, by express bequest they take per capita. A devise to the relations of A. and B.; they would take as joint tenants a joint interest in the fund. A devise to them equally; they take as tenants in common in equal portions. The Statute of Distributions, though used as a rule to designate the persons entitled under the denomination of relations, yet is no guide as to the quantum. Perhaps this rule which is adopted from necessity, lest the devise should be void for uncertainty, does not, in all cases, quadrate with the intention of all testators: perhaps it may not be altogether consistent with the views of this testator ; yet it must prevail universally, or it is of no use. Here, if it be not the rule, the wife’s relations could take nothing. They must call it in to support their claini; for there is no other rule known to the law in *47 dispositions to relations, than the Statute ; they cannot go out of it, or beyond it. If there had been no mother, then the brothers and sisters of the wife, and the children of deceased brothers and sisters, would have fallen in with the Statute ; but the life of the mother intercepts the distribution to them : they cannot take either as next of kin of their sister or aunt, or jure representationis. If they could not take under the Statute, if the property had been the wife’s own, they cannot take under the denomination of relations. The residue of the personal estate (for the Court give no opinion how the real estate is to go) is to be divided share and share alike, per capita between the brothers and sisters of the testator» living at his death, and the children of such .brothers and sisters as were then dead, and the mother of the wife. The distribution is deferred to the death of the wife, but that does not prevent the interest from vesting at the death of the testator. I had a strong desire to bring in the relations of the wife, who stand in the same reRtion to her, that the testator’s relations stand to him. That was the only difficulty I had. But, on further reflection, I cannot see how this can be done, without introducing some other rule than the Statute ; for the mother cannot be excluded ; and if she takes, she takes as the relation of her daughter, and as the relation of the daughter, takes all. She is the sole relation, that can come in, and excludes all other relations under the Statute, and as the Statute is the only rule, under which any can claim under the devise, if they can not take under the Statute, they cannot under this will.