Curia, per Dunkin, Ch.
The decree of the Circuit Court, recognizes the principle, well established by authority, that when the persons intended to take under a grant or devise, are described as a class, without designating the proportions in which they are to take, all are equally entitled, who can bring themselves within the description. — See Davenport v. Hanbury, 3 Ves. 257; 13 Ves. 340; Ambler, 397; Butler v. Stratton, 3 Bro. Ch. Ca., M’Neilledge v. Galbraith, 8 Serg. & Rawle, 43. Upon this acknowl *11 edged principle, the children and grand children of Wiggins and of Taylor, were declared to be entitled. But it was further determined that the distribution should be per stirpes, and not per capita, in the same proportions as if it had been the distribution of the estate of an intestate, under the act of 1791. It is insisted on the part of the grand children, that they take in equal proportions with the children.
In Lady Lincoln v. Pelham, 10 Ves. J. 175, it is said by the Lord Chancellor, [Eldon,] “Upon the next question, whether the distribution is to be per stirpes or per capita, I am not quite sure, that my opinion is not against the intention. If there is a settled construction, founded upon the cases decided, applying to the terms used, it is better to adhere to that settled construction, though I may entertain some doubt, whether it is according to the intention, than upon grounds, on which I cannot rest in every view of the case, to come to a decision, having a tendency to shake that, which forms a rule of construction, and which may, in practice, have been acted upon in many cases.”
In the leading authority upon this point, Thomas v. Hale, Ca. Tem. Tal. 251, the principle settled is, that the term ‘ relations,’ should be confined to such relations as are within the statute of distributions, though the statute may not form the rule of apportioning the shares; where there is a devise, (or, I suppose, a grant,) to a class of persons, the proportions in which they are to take depends on the inquiry whether they áre to take in their own rights, or by representation; if in their own right, the distribution is per capita, if by the right of representation then per stirpes — 1 Sup. Ves. J. 280.
In Northey v. Strange, 1 Pr. Wms. 343, it was ruled, “ that the children and grand children shall take per capita and not per stirpes; they all taking in their own fight, and not by way of representation.” And in the case already cited, Lady Lincoln v. Pel-ham, it is said, “ It is clear that if this had been a bequest to the younger children of two persons, equally to be divided between and among them, the division would be per capita. That rule has been applied in many instances, upon which doubts have been strongly raised; for instance, a gift to a brother and the children of *12 a deceased brother; who, without a will, would take per stirpes; yet it has been held, that though the law would have given it in moieties, that is not the effect of an express bequest.” In Bradbury v. Wells, 2 Vern. 705, the bequest was to the children of J. S. & J. N. Neither J. S. nor J. N. had any child living at the making of the will, or at the death of the testator. It was held to be an executory devise, and to be to such children as they, or either of them, should at any time have, and the children to take per capita and not per stirpes, they claiming in their own right and not as representing their parents.”
From analogy to these cases it appears only necessary to inquire, whether under the terms of the act of 1829, the heirs at law of John Taylor, and of Blake Baker Wiggins, deceased, took by purchase, or by right of representation. In Ram on Wills, 109, it is said if a testator devises simply to the heirs of A., they must take by purchase. He cites Co. Litt. & Watk. on Desc., 156; and on the same authority, he adds, “When heirs take by purchase, they do not take as heirs; but as a class of persons, to whom, by that name, the testator has selected to devise his property to.”
Regarding the rule, then, as settled, that where a devise or grant is to a class of persons, who take in their own right, the distribution shall be made per capita, the court is of opinion that the children and grand children take equally, and the apportionment must be made as was suggested in Blackler v. Webb, 2 Pr. Wms. 383, in the same manner as if the act of 1829, instead of using the terms, ‘¡heirs at law, had particularized each child and grand child by name.
It is ordered and decreed that the decree of the circuit court be reformed according to these principles.
Harper and Johnston, Chancellors, concurred.